FILED

2014 Aug-13  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK HATTER and | ) | |
| RICK STRONG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:13-CV-1076-TMP |
| | ) | |
| OB ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION APPROVING SETTLEMENT

This cause is before the court[1] for judicial approval of a proposed settlement, pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982).  The parties have jointly submitted to the court for *in camera* review the settlement agreement reached by them, as well as the affidavits of plaintiffs Frank Hatter and Rick Strong, expressing their understanding and acceptance of the provisions of the settlement agreement.  Having carefully considered the proposed settlement agreement in light of the expressed acceptance of the settlement agreement by the plaintiffs, the court concludes that the settlement is fair and adequate and is due to be approved.

---

[1]     The parties have consented to the exercise of dispositive jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  <u>See</u> docket no. 19.

As a threshold matter, the court concludes that it can assess the reasonableness and adequacy of the proposed settlement on the basis of the papers before the court, without the necessity of a hearing.  The purpose of the fairness hearing required by Lynn's Food Store is to assure that the proposed settlement was fairly arrived at, not the product of "great inequalities in bargaining power between employers and employees."  Id. at 1352;  Hamilton v. Frito-Lay, Inc., 2007 WL 328792 (M.D. Fla.  Jan. 8, 2007) report and recom'n adopted, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).  The court explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.  In determining whether a proposed settlement represents a fully voluntary compromise of disputed issues, it is not necessary to hold a hearing when the facts needed to make that assessment are otherwise presented to the court.  While the court must carefully review the proposed settlement, neither Lynn's Food nor any cases following it expressly mandate an in-court hearing.

In this case, the court can assess the fairness of the proposed settlement on the basis of the settlement agreement itself and the affidavits submitted by the plaintiffs.  This is an FLSA case in which the plaintiffs allege that they were not paid overtime and minimum wages while they worked repairing and restoring cars for the defendant.  Although the defendant is an LLC corporation, its principal, Ousmane Bah, is currently involved in immigration deportation proceedings.  He has denied that the plaintiffs were his employees, but were independent contractors paid for each individual automobile repair.  There are few if any records of the time spent by plaintiffs allegedly working for the defendant.  Thus, both FLSA coverage and the calculation of damages are in actual, *bona fide* dispute.  The plaintiffs initiated this action with the assistance of counsel, and they have been and continue to be represented vigorously by counsel.  There does not appear to be an ongoing employment or business relationship between plaintiffs and defendant through which the defendant can exercise undue influence or pressure on the plaintiffs for settlement.

The essential provisions of the settlement agreement call for the defendant to pay plaintiffs' counsel $2,000.00 in full settlement of counsel's fees, costs, and expenses.  In return for the plaintiffs' agreement to dismiss this action, defendant will forgive a debt each plaintiff incurred in purchasing an automobile from defendant.  Defendant will convey and transfer to each plaintiff full and clear title

to the respective automobiles purchased by them and shall forgive and waive the remaining balance of the debts owed by plaintiffs for the purchase of the automobiles described in the settlement agreement.   Plaintiffs' affidavits make clear that they understand these essential terms of the settlement agreement and that they agree this represents a *bona fide* compromise of a real controversy in dispute.  They acknowledge the difficulty they may have in proving the amount of damages to which they may be entitled given the lack of time records.  They also acknowledge that part of the basis for the compromise is the difficulty they may encounter collecting any monetary judgment from the defendant due to his pending immigration proceedings and potential deportation.  There is no evidence that the settlement agreement is the product of unequal bargaining power or undue influence or pressure from the employer or its principal.  Additionally, the payment of plaintiffs' counsel's fees does not diminish the recovery achieved by the plaintiffs as defendant has agreed to pay those fees separately from the conveyance/forgiveness of debt constituting the recovery of each plaintiff.  On the whole, the court finds that the proposed settlement agreement is a fair and reasonable compromise of genuinely disputed claims arrived at fairly and voluntarily.

By separate order the court will approve the proposed settlement and dismiss this action with prejudice based upon the parties' joint motion (doc. 21).

DATED this 13TH day of August, 2014.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE